**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------
KRISTOPHER BRENENSTUHL and
SARAH BRENENSTUHL,

         Plaintiffs, Counter-Defendants,

v.                                 No. 10-CV-1365
                                       (CFH)

AMICA MUTUAL INSURANCE COMPANY,

         Defendant, Counter-Claimant,
-------------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| KINDLON & SHANKS, PC<br>Attorneys for Plaintiffs<br>74 Chapel Street<br>Albany, New York 12207 | GENNARO D. CALABRESE, ESQ. |
| MURA & STORM, PLLC<br>Attorneys for Defendant<br>14 Lafayette Square<br>930 Rand Building<br>Buffalo, New York 14203 | SCOTT D. STORM, ESQ. |

## MEMORANDUM-DECISION AND ORDER

Currently before the Court in this breach of contract action, filed by Kristopher Brenenstuhl and Sarah Brenenstuhl ("Plaintiffs") against Amica Mutual Insurance Company ("Defendant"), is defendant's motion to have the United States District Court for the Northern District of New York withdraw the reference of this action to the Northern District Bankruptcy Court pursuant to 28 USC § 157(d).[1] Dkt. No. 48. Plaintiffs have opposed defendant's motion. Dkt. No. 54. For the reasons set forth below defendant's motion is granted.

---

[1] By Order dated November 30, 2012 this matter was referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Dkt. No. 43.

## I. Relevant Background

Plaintiffs' are the owners of a property located in the City of Watervliet, New York. Compl. (Dkt. No. 1 at 6-11) ¶ 2. Defendant issued a homeowners policy for the period of November 16, 2009 through November 16, 2010 to plaintiffs with plaintiffs named as insureds. Id. ¶¶ 2-3. The homeowner's policy provided coverage for the building structure and personal property contained therein. Id. ¶ 2.

On February 3, 2012, while the homeowner's policy was in full force and effect, the subject dwelling and contents were destroyed in a fire. Compl. ¶ 9. Plaintiffs' advised defendant of the fire in accordance with the terms of the homeowner's insurance policy. Id. ¶ 17. Defendant issued a disclaimer of liability and denial of coverage letter. Dkt. No. 2-3. Defendant alleges that plaintiffs, and others, burned the property in order to recover the insurance proceeds. See e.g. Dkt. Nos. 2 & 48.

Plaintiffs' commenced this action in the Supreme Court of the State of New York, Albany County. Compl.; Pet. for Removal (Dkt. No. 1 at 1-3) ¶ 1. Defendant filed a petition of removal as this Court has original jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a) and this action is one which may be removed pursuant to 28 U.S.C. §1441. Pet. for Removal ¶ 2. Plaintiffs seek damages in excess of five hundred thousand dollars. Id.

On November 10, 2010 defendant filed a verified answer with counterclaims against plaintiffs. Dkt. No. 2. The counterclaims allege, inter alia,

> The plaintiffs intentionally concealed or misrepresented material facts or circumstances and engaged in fraudulent conduct related to this insurance during the course of Amica Mutual Insurance Company's investigation of plaintiffs' reported loss and claim including, but not necessarily limited to, the following: having

denied any involvement in causing and/or knowledge of the cause of the fire; having falsely stated and testified about their activities or connection with the fire; and the amount of the alleged damages. Fraudulent statements are included in such documentation as the plaintiffs' transcripts of their examinations under oath, proof of loss forms, and estimates of alleged damages.

Id. at 12, ¶ 45. Defendant seeks to recover for any and all expenses incurred in the investigation and evaluation of this matter plus interest. Id. at 14. Plaintiffs filed an answer to the counterclaims on November 19, 2012. Dkt. No. 5.

## II. Plaintiffs' Bankruptcy Petition

On July 6, 2012, plaintiffs' filed a petition pursuant to Chapter 13 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York. Dkt. No. 48-5. The plaintiffs listed estimated assets between $500,001 and $1,000,000. Id. at 10-13, 36. This action is listed under the category of "[o]ther personal property of any kind not already listed, itemize." Id. at 13.

Plaintiffs listed a variety of creditors, and types of creditors in the Chapter 13 petition. Dkt. No. 48-5 at 19-31. On Schedule F, creditors holding unsecured non-priority claims, plaintiffs named defendant. Id. at 19.[2] On July 2, 2012 the attorney for the debtors, plaintiffs herein, certified that the petition had been mailed to all persons and entities who appear on the list of creditors. Id. at 69.

On July 6, 2012 a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and

---

[2] In addition to listing defendant as a creditor holding unsecured non-priority claims, plaintiffs' listed the law firm of Mura & Storm, PLLC, defendant's attorneys in this action, as creditors holding unsecured non-priority claims. Dkt. No. 48-5 at 26. The petition further lists plaintiffs' attorneys as a creditor holding an unsecured non-priority claim. Id. at 23.

-3-

Deadlines was issued by the United States Bankruptcy Court for the Northern District of New York. See Notice of Ch. 13 Bankr. Case, In re Brenenstuhl, No. 1:12-BK-11821 (Bankr. N.D.N.Y.) (Dkt. No. 7). That notice provided that:

> If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor.

Id. at 2.

The deadline to file a proof of claim for all creditors, except a governmental unit, was October 29, 2012. Notice of Ch. 13 Bankr. Case. Defendant did not file a proof of claim. See generally In re Brenenstuhl, No. 1:12-BK-11821 (Bankr. N.D.N.Y.).

A hearing on the confirmation of plaintiffs' Chapter 13 bankruptcy plan was scheduled for August 23, 2012. See Notice of Ch. 13 Bankr. Case. On December 4, 2012 an Order of Confirmation was issued for plaintiffs' Chapter 13 plan dated July 6, 2012 by Hon. Robert E. Littlefield, Jr., Chief, United States Bankruptcy Judge for the Northern District of New York. See Order of Confirmation, In re Brenenstuhl, No. 1:12-BK-11821 (Bankr. N.D.N.Y.) (Dkt. No. 24).

### III. Governing Legal Standard

### A. Motion to Withdraw Subject Lawsuit From Bankruptcy Court

"District Courts have original and exclusive jurisdiction over all cases under title 11." In re Appalachian Fuels, LLC, 472 B.R. 731, 736 (E.D.Ky. 2012) (quoting 28 U.S.C. § 1334(a)) (internal quotation marks omitted). "District Courts also have original but not exclusive

jurisdiction over all civil proceedings arising under title 11 or arising in or related to cases under title 11." Id. (quoting 23 U.S.C. § 1334(b)) (internal quotation marks omitted). Proceedings that arise in a bankruptcy case or under title 11 are considered core proceedings. Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594, 2605 (2011). Conversely, "those that are otherwise related to a case under title 11 are considered 'non-core proceedings.'" Appalachian Fuels, 472 B.R. at 736 (quoting Stern v. Marshall, __ U.S. __, 131 S.Ct at 2605). In accordance with Local Rule 76.1 for the Northern District of New York, all cases under Title 11, and all such proceedings arising under Title 11, or arising in or related to cases arising under Title 11 are referred to the Bankruptcy Court.

A party may move to withdraw the reference pursuant to 28 U.S.C. § 157(d). In re Chance, Bankr. No. 11-40517, 2013 WL 501392, at *1 (Bankr. D.Kan. Jan. 16, 2013). "That statute provides that a 'district court may withdraw, in whole or in part, any case or proceeding under the Bankruptcy Code.'" Id. (quoting 28 U.S.C. §157(d)).

**1. Timeliness of the Motion**

The first issues is whether the motion to withdraw the reference is timely. 28 U.S.C. §157(d) (explaining withdrawal may occur by a court's "own motion or on timely motion of any party . . . ."). Timely relates to a party making the motion to withdraw the reference as soon as the moving party becomes aware of the basis for withdrawal of the reference. In re Black Diamond Min. Co., LLC, No. 10-84-KKC, 2010 WL 5173271, at *1 (E.D.Ky. Dec. 14, 2010) (citations omitted). The timeliness requirement prevents parties from engaging in forum shopping or other delaying tactics. Id. (citations omitted). The timeliness standard is flexible and must be administered in a way which fosters the fair and efficient resolution of

-5-

disputes.  See e.g. In re Enron Creditors Recovery Corp., 410 B.R. 374, 381 (S.D.N.Y. 2008) (articulating a six part test to determine whether cause exists to withdraw a reference which includes inter alia the nature of the claim, efficient use of judicial resources, uniformity in decision making, and cost analysis for the parties).

The Notice of Chapter 13 bankruptcy Case, Meeting of Creditors & Deadlines was issued on July 6, 2012.  See Notice of Ch. 13 Bankr. Case, In re Brenenstuhl, No. 1:12-BK-11821 (Bankr. N.D.N.Y.) (Dkt. No. 7).  This motion to withdraw the reference to Bankruptcy Court was filed on March 20, 2013.  Dkt. No. 48.  While over eight months elapsed between the two filings there is nothing before the Court to establish that plaintiffs were prejudiced by the delay or that the defendant was engaging in forum shopping.  As such, the Court finds that the motion is timely.

### 2. Core v. Non-Core Issues

> Core proceedings are those matters which arise under the Bankruptcy Code; whereas, a matter that arises under non-bankruptcy law and happens to be an issue in a bankruptcy proceeding merely because . . . one of the parties to the dispute is a debtor in the bankruptcy case in most instances is a non-core proceeding.

Liljeberg Enter., Inc. v. Lifemark Hosp. of Louisiana, Inc., Nos. 99-3750, 99-3751, 2000 WL 63307, at *3 (E.D.La. Jan. 21, 2000) (citations omitted).  A core proceeding is one "that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case . . . ."  Dewitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co., 464 B.R. 587, 591 (S.D.N.Y. 2012) (citing inter alia MBNA America Bank, N.A. v. Hill, 436 F.3d 104, 108-109 (2d Cir. 2006)).  A claim which does not rely on bankruptcy law for its existence and which would

proceed in a court lacking federal bankruptcy jurisdiction is non-core. In re EMS Fin. Serv., LLC, 491 B.R. 196, 203 (E.D.N.Y. 2013) (citations omitted).

In this case the parties' dispute, plaintiffs' claims and defendant's counterclaims, concern a conflict over insurance coverage under an insurance contract which was entered into before plaintiffs filed a bankruptcy petition. Rather than relying on bankruptcy laws for their existence, those claims are state common law contract claims that could proceed in a court without bankruptcy jurisdiction. As such, the Court finds that plaintiffs' claims and defendant's counterclaims involve non-core matters. In view of the foregoing, defendant's motion to have this Court withdraw the reference of this matter to the United States Bankruptcy Court is granted.[3]

---

[3] The withdrawal of the reference to the Bankruptcy Court is effective as of the date of this Memorandum-Decision and Order. It does not effect the requirement that an unsecured creditor must file a proof of claim in bankruptcy court for the claim to be allowed. FED. R. BANKR. P. 3002(a). The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines in plaintiffs' Chapter 13 case required that a proof of claim be filed by October 29, 2012. See Notice of Ch. 13 Bankr. Case, In re Brenenstuhl, No. 1:12-BK-11821 (Bankr. N.D.N.Y.) (Dkt. No. 7). Here defendant has counterclaimed for a money judgment. Federal Rules of Bankruptcy Procedure 3002 prohibits such relief where a creditor has a disputed claim and has not filed a timely claim; however, a holder of a disputed claim who has not timely filed a proof of claim may pursue that claim as a set-off against an affirmative claim of the debtor. See e.g. In re Calderone, 166 B.R. 825, 830-31 (W.D.Pa 1994). A creditor asserting a set-off is not requesting affirmative relief from the assets of the bankruptcy estate "but is seeking instead to satisfy the debt owed to it by the debtor to the extent of the debt it owes to the debtor." Id. at 830.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that defendant's motion to have this Court withdraw the reference of this action to the Northern District Bankruptcy Court pursuant to 28 U.S.C. §157(d) is **GRANTED.**

**IT IS SO ORDERED**.

Dated: July 1, 2013
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge